CO-OPERATIVE CENTRAL EXCHANGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46479, 53366.   Promulgated November 7, 1932.

*A. A. Toivonen, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

18

OPINION.

LANSDON: In its brief the petitioner abandons the contention that the 6 per cent dividend which it paid to each of its shareholders in

the several taxable years is deductible from income as interest. This issue, therefore, is determined in favor of the respondent. *Sacred Heart Cooperative Mercantile Co.*, 2 B. T. A. 24; *Farmers Cooperative Assn.*, 5 B. T. A. 61; *Cloquet Cooperative Society*, 21 B. T. A. 744.

The second contention of the petitioner is that, under the provisions of section 231 (12) of the Revenue Act of 1926 and section 103 (12) of the Revenue Act of 1928, it is an exempt corporation. The statutory provision relied on by petitioner in the Acts of 1926 and 1928 is as follows:

Farmers', fruit growers', or like associations organized and operated on a cooperative basis (a) for the purpose of marketing the products of members or other producers, and turning back to them the proceeds of sales, less the necessary marketing expenses, on the basis of either the quantity or the value of the products furnished by them, or (b) for the purpose of purchasing supplies and equipment for the use of members or other persons, and turning over such supplies and equipment to them at actual cost, plus necessary expenses. Exemption shall not be denied any such association because it has capital stock, if the dividend rate of such stock is fixed at not to exceed the legal rate of interest in the State of incorporation or 8 per centum per annum, whichever is greater, on the value of the consideration for which the stock was issued, and if substantially all such stock (other than nonvoting preferred stock, the owners of which are not entitled or permitted to participate, directly or indirectly, in the profits of the association, upon dissolution or otherwise, beyond the fixed dividends) is owned by producers who market their products or purchase their supplies and equipment through the association; nor shall exemption be denied any such association because there is accumulated and maintained by it a reserve required by State law or a reasonable reserve for any necessary purpose. Such an association may market the products of nonmembers in an amount the value of which does not exceed the value of the products marketed for members, and may purchase supplies and equipment for nonmembers in an amount the value of which does not exceed the value of the supplies and equipment purchased for members, provided the value of the purchases made for persons who are neither members nor producers does not exceed 15 per centum of the value of all its purchases.

The language of the statutes and of the interpretive regulations indicates very clearly that Congress intended to exempt cooperative associations organized to act as marketing and/or purchasing agents for producers. Consumers' cooperative associations may be highly beneficial to their members, but certainly are not included in the provisions of the law upon which the petitioner relies. It follows, therefore, that the 13 members of the petitioner function as distributive cooperations for city consumers and must be eliminated for consideration here, and this applies also to the two cooperative publishing houses, the cooperative store and the cooperative bank, all of which we think have the status of nonproducers. The law and the regulations are generously elastic, but can not be stretched to cover business activities with such a large number of patrons who are not

within the categories which are to be exempt from the burdens of taxation, even though they are members of the cooperative agency claiming exemption. There is nothing in the record to show that the petitioner's sales to such patrons were less than 15 per cent of its total sales in the several taxable years. It follows, therefore, that in this respect the petitioner has failed to establish its claim for exemption. *South Carolina Produce Assn.*, 19 B. T. A. 1028; affd., 50 Fed. (2) 742; *Fruit Growers Supply Company*, 21 B. T. A. 315; affd., 56 Fed. (2d) 90.

The remaining members of the petitioner are farmers' cooperatives, but the evidence fails to disclose that such associations come within the provisions of the exempting statute. We are not advised whether these concerns are marketing or purchasing agents or whether all or any of them combine both functions. Certainly there is no evidence that all the members of each of such organizations are producers of commodities that are marketed through the petitioner as their agent. Even if all the individual members of the farmers' cooperatives which enjoyed membership in the petitioner are producers, it does not follow that the organizations themselves are producers, or even agents of producers. Unless it is shown that title to the farm products marketed through the petitioner remained in the producers thereof until sales were effected by it, we think the conditions contemplated by Congress and prescribed by the statutes are not satisfied. If the member cooperatives bought commodities from its producing members and resold them to petitioner for further sale to the public, it could hardly be argued that petitioner acts as agent for producers. In our opinion the petitioner has failed to prove that any of the members are producers or producers' marketing agents within the meaning of the statutory provisions granting tax exemption to farmers' cooperatives.

The petitioner is a wholesale concern. It does not buy farm supplies as the agent of producers, or even of the component corporate members. It buys its merchandise on the open markets, and out of stocks to which it holds title by purchase it fills orders from its members and others. In these circumstances it is no more the agent of producers than is any other wholesale merchant engaged in selling supplies that are ultimately consumed by producers. In our opinion it is too far removed from producers to be regarded as their agent for selling products or purchasing supplies.

*Decision will be entered for the respondent.*